[Docket Nos. 1, 3]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| PAUL D.,[1]<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY, *et al.*,<br><br>Defendants. | Civ. A. No. 26-11702 (RMB)<br><br>**MEMORANDUM OPINION & ORDER** |

**THIS MATTER** comes before the Court upon the Complaint [Docket No. 1] and Application to Proceed *in forma pauperis* ("IFP") [Docket No. 3] by *pro se* Plaintiff Paul D. ("Plaintiff"). Plaintiff previously filed a related Complaint and IFP application, which the Court denied without prejudice on January 14, 2025. [Docket Nos. 1, 1-2, 3 in 24-cv-7850.] While the Court ordered that "Plaintiff may submit the required $405.00 filing fee or file a renewed Application to Proceed without Prepaying Fees or Costs within 30 days[,]" Plaintiff failed to do so, and instead filed a Complaint and IFP in the Southern District of New York over a year and a half later. [Docket Nos. 1, 3.]

[1] Due to the significant amount of personal information and privacy concerns in Social Security cases, non-governmental parties are identified solely by first name and last initial. *See* D.N.J. Standing Order 2021-10.

Pursuant to Local Civil Rule 54.3, "the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed . . . unless the fee is paid in advance." Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed *in forma pauperis*.

A court may permit a litigant to proceed without prepayment of fees if he submits a proper IFP application and establishes that he is unable to pay the requisite fees. *See* 28 U.S.C. § 1915(a)(1). Courts within the Third Circuit only grant leave to proceed IFP "based on a showing of indigence." *Douris v. Newtown Borough, Inc.*, 207 Fed. Appx. 242, 243 (3d Cir. 2006). While IFP status is not reserved solely for the "absolutely destitute," the litigant "must establish that he is unable to pay the costs of [his] suit." *Hurst v. Shalk*, 659 Fed. Appx. 133, 134 (3d Cir. 2016) (quoting *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989)). The litigant seeking IFP status bears the burden "to provide the Court with the financial information it needs to make a determination as to whether he qualifies for IFP status." *Freeman v. Edens*, 2007 WL 2406789, at *1 (D.N.J. Aug. 17, 2007) (cleaned up). "[A] plaintiff must state the facts concerning [his] poverty with some degree of particularity, definiteness or certainty." *Gross v. Cormack*, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (quoting *Simon v. Mercer Cnty. Comm. College,* 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)).

While Section 1915 "is designed to ensure that indigent litigants have meaningful access to the federal courts," *Neitzke v. Williams*, 490 U.S. 319, 324 (1989), proceeding IFP "is a privilege, not a constitutional right." *Atl. Cnty. Cent. Mun. Ct. Inc.*

*v. Bey*, 2024 WL 1256450, at *1 (D.N.J. Mar. 25, 2024). "Failure to submit a completed financial affidavit renders an IFP application incomplete and this defect warrants the application's denial." *Id.* (citing *Rohn v. Johnston*, 415 Fed. Appx. 353, 355 (3d Cir. 2011)).

Here, Plaintiff's Complaint and IFP application were initially filed in the Southern District of New York, though Plaintiff claims to be a New Jersey resident. [Docket No. 1.] Chief United States District Judge Laura Taylor Swain transferred the case to the District of New Jersey, ordering that "[w]hether Plaintiff should be permitted to proceed further without payment of fees is a determination to be made by the transferee court." [Docket No. 6.] Although Plaintiff's IFP application utilizes the Southern District of New York form, [Docket No. 1-2], the Court will excuse the failure to use the District of New Jersey IFP form.

In addition, the Court notes that Plaintiff's Southern District of New York IFP application raises similar questions as this Court raised in Plaintiff's previous case, as to whether Plaintiff may be able to "establish that he is unable to pay the costs of his suit[.]" *Hurst v. Shalk*, 659 F. App'x 133, 134 (3d Cir. 2016) (citation and internal quotation marks omitted). Plaintiff certifies that his take-home pay or wages are $950 every two weeks, he receives $1,666 each month from the Social Security Administration, thus, totaling approximately $3,566 in monthly revenue, he has $1,500 in checking accounts, $30,000 in an IRA, a number of debts, and his average monthly expenses are $935. [Docket No. 3.] "[L]eave to proceed *in forma pauperis* is based on a showing of indigence[.]" *Douris v. Newtown Borough, Inc.,* 207 F. App'x

242, 243 (3d Cir. 2006). After considering Plaintiff's income, assets, and expenses listed in his IFP application, the Court finds Plaintiff has failed to establish that he cannot pay the filing fee.

**ACCORDINGLY, IT IS HEREBY** on this **29th** day of **October 2026**,

**ORDERED** that Plaintiff's IFP application is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk shall administratively terminate[2] this matter, subject to reopening upon the payment of the filing fee; and it is further

**ORDERED** that, within thirty (30) days of the entry of this Order, Plaintiff shall pay the requisite $405 filing fee; and it is further

**ORDERED** that, if Plaintiff fails to timely pay the filing fee, the Court will close the file in this matter without further notice and subject to reopening only upon good cause shown; and it is finally

[2] Administrative termination is merely a "docket control device and not an order for dismissal or a decision on the merits." *Chan v. Boardwalk 1000, LLC*, 2021 WL 4306828, at *5 n.64 (D.N.J. Sept. 22, 2021) (collecting cases). Nor does it deprive this Court of jurisdiction over this matter. *See Papotto v. Hartford Life & Accident Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals).

**ORDERED** that the Clerk of the Court shall, notwithstanding Plaintiff's consent to receive documents electronically, **MAIL** a copy of this Memorandum Opinion and Order to Plaintiff via regular U.S. mail and **NOTE** the completion of same on the docket.

**s/Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge

DATED: October 29, 2026